IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-0l840-WYD-CBS

ROBIN VERNON, *et al.*

    Plaintiffs,

v.

QWEST COMMUNICATIONS INTERNATIONAL, INC., *et al.*

    Defendants.

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, the term "document" shall include any writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained. *See* Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart,

summary, note, or copy made therefrom and designated by a producing party in the manner provided in paragraph 3 below as containing non-public competitively sensitive commercial information, including, but not limited to, trade secrets or other confidential research, development, commercial, or financial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and the cases so construing them.  In addition, a party may designate as confidential any materials or testimony containing Confidential Information of that party which are produced in this action by non-parties pursuant to discovery demands or subpoenas.

  4.  Where Confidential Information is produced, provided or otherwise disclosed by a producing party in response to any discovery request, it will be designated in the following manner:

    a.  In the case of any document or material produced, by imprinting the word "Confidential" on each page;

    b.  In the case of any response to an interrogatory or request for admission, by imprinting the word "Confidential" next to or above each response; and

    c.  With respect to deposition transcripts, within thirty (30) days after receiving a deposition transcript, each party shall inform (by specific page and line reference) the other parties of the portions of the transcript to be designated Confidential Information.  Unless otherwise agreed to by the parties, the right to make such designation shall be waived unless made within that thirty (30) day period.  Before such designation or expiration of the thirty (30) day period, the entire deposition transcript shall be deemed Confidential Information.  Such designated portions shall be subject to the terms of this Protective Order.  If no

designation of Confidential Information is made by counsel for the deponent within thirty (30) days after receipt of the transcript, the transcript (but not deposition exhibits already marked as Confidential) shall be considered not to contain any Confidential Information.

5.  All Confidential Information provided by a producing party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

   a.  It shall be used only for the purpose of this litigation, including any appeal(s), and not for any business or other purpose whatsoever, although if such information is properly obtained independently, it may be used for any reason in any future proceeding or litigation;

   b.  It may be disclosed, pursuant to the procedures herein, by persons other than the producing party only to: (i) outside counsel for the parties (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation; (ii) outside photocopying, data processing, or graphic production services employed by the parties or their counsel to assist in this litigation; (iii) any outside expert or consultant (or any such employee of such outside expert or consultant) who is retained by counsel for the purposes of consulting, and/or testifying in this litigation; (iv) any person who authored or received the particular material sought to be disclosed to that person or who is a current employee of the producing party; (v) any person previously disclosed as a trial or deposition witness who counsel for the party has a good faith belief needs to know such information for purposes of testifying in

this litigation; (vi) any other person not otherwise described in paragraph 4 who during their testimony in this matter, either at deposition or trial, as to whom the examining counsel has a good faith belief that the witness possesses relevant information with respect to the content of the Confidential material sought to be disclosed to that person; (vii) any court or court officials in connection with this action (including court reporters or persons operating audio or video reporting equipment at depositions); (viii) any mediator and his or her staff; (ix) any other person to whom the party producing the Confidential Information agrees to in advance of the disclosure; (x) parties (including the officers, directors, employees, agents, and representatives of a party or their affiliates); and (xi) potential fact witnesses in the action to whom disclosure is reasonably necessary and who have agreed to be bound by this Protective Order.

c.      It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to any person other than those persons identified in paragraph 4(b) above, except for purposes of this case and unless a declaration in the form of Exhibit A has been signed by the person who is to receive the Confidential Information;

d.      Prior to the communication or disclosure of any Confidential Information to witnesses testifying in court or at deposition, counsel shall ask the witness to sign a declaration in the form of Exhibit A.  Witnesses who refuse to sign a declaration in the form of Exhibit A shall be provided with a copy of this Protective Order and shall be informed that the materials designated as Confidential Information in this litigation are governed by the Protective Order;

    e. Nothing in this Protective Order shall restrict the right of a producing party to disclose to any person information which that party itself designates as Confidential.

  6. Persons authorized to receive or review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by this Order or other Court Order.  Nothing in this Protective Order shall prevent any party who has received Confidential Information pursuant to this Order from producing such Confidential Information in response to a lawful subpoena or other compulsory process; provided that any person receiving such subpoena or process shall as soon as reasonably practical give notice thereof to the counsel for the producing party by telephone or facsimile and shall furnish such counsel with a copy of the subpoena or other compulsory process.

  7. The party's counsel who discloses Confidential Information shall take reasonable steps to assure compliance with the terms of this Protective Order by persons to whom such Confidential Information is disclosed and shall obtain and retain the original declarations signed by qualified recipients of Confidential Information, and shall maintain a list of all persons who signed such declarations.

  8. Acceptance by a party of any information, document, or item designated as Confidential shall not constitute a concession that the information, document, or thing is in fact Confidential Information.  Either party may contest a claim of confidentiality.  If the receiving party disagrees with the designation of any material as confidential, the receiving party shall request, in writing, that the designation be changed by the producing party.  The requested

change shall occur unless, within ten (10) days after service of such notice, an objection for good cause is served on the party requesting removal of the Confidential Information designation. If agreement cannot be reached by counsel, the dispute may be presenting by the designating party to the Court by motion or otherwise. The burden of establishing confidentiality shall be on the designating party. Except as set forth herein, the failure of any party to challenge a designation as Confidential Information during the discovery period shall not be a waiver of that person's right to object to the designation of such material at any hearing or at trial.

9.  In the event Confidential Information is used in any court filing or proceeding in connection with this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. If, prior to trial, counsel for a non-producing party desires to file any Confidential Information or documents containing, reflecting or referring to Confidential Information with the Court, such filing shall be accompanied by a motion to seal pursuant to D.C.COLO.LCivR 7.2, which shall be served upon counsel for the producing party. If the producing party or the opposing party does not file a brief in support of the motion to seal within five (5) business days of service of the motion to seal, the moving party shall have the right to withdraw its motion to seal. Pursuant to D.C.COLO.LCivR 7.2(D), a proposed filing under seal will be submitted under seal until the motion to seal is decided by a judicial officer. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be maintained "under seal" or otherwise continuously kept out of the public record in this action, however, except by Court Order issued upon motion to seal as provided in this paragraph. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon*

*v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). Notwithstanding the provisions of this paragraph, no party shall be under any obligation to assent to any motion to seal filed by another party or non-party.

10. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

11. The agreement of the parties to this Protective Order shall not be construed as an agreement or admission: (i) that any information or document designated as Confidential Information is, in fact, confidential or that any information or document designated as Confidential Information is entitled to all of the protections provided herein; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as Confidential Information; or (iii) as to the authenticity, admissibility, competency, relevance or materiality of any document or thing designated as Confidential.

12. (a) The inadvertent failure to designate any document as Confidential Information shall not constitute a waiver of any such subsequent designation. Upon written notice of the inadvertent failure to designate such document as Confidential Information provided to the receiving party, the producing party shall immediately provide a new copy of each such newly designated document that is stamped on each page with the legend "Confidential" or a substantially similar legend, and the receiving party shall henceforth treat such documents as Confidential Information and make reasonable efforts to request return of the documents from any person given access to the documents who is not covered by paragraphs

4(b) or 4(c).

        (b)    If a producing party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity, or any other privilege or immunity from production, such production shall not be deemed a waiver, and the producing party may give written notice to all receiving parties that the document or information so produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such written notice, all receiving parties shall immediately undertake to gather the original and all copies of the document or information and shall immediately return the original and all such copies to the producing party or certify in writing the destruction thereof.  Return of such documents or information to the producing party shall not preclude any receiving party from later moving to compel production of the returned documents or information.

13.    Likewise, if a party wishes to designate non-party documents as "Confidential," such party shall immediately provide a new copy of each such newly designated document stamped "Confidential" to the receiving party.  The receiving party shall henceforth treat such documents as Confidential Information and make reasonable efforts to request return of the document from any person given access to the documents who is not covered by paragraphs 4(b) or 4(c).  The party receiving information redesignated as Confidential Information as set forth in this paragraph is not responsible for making any motion for impoundment required as a result of the redesignation as to court filings dated prior to the redesignation.

14.    Any non-party who consents to be bound by the terms and conditions of this Protective Order shall have the right to designate documents or information in their possession as Confidential Information under this Protective Order.

15.     Within sixty (60) days after the termination of this litigation, including any appeals, each party's counsel shall (i) return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom, or (ii) destroy such materials and, upon request, certify to the producing party's counsel in writing as to such destruction, except that parties and their counsel may retain copies of pleadings, briefs, and papers filed with the Court that contain such materials, transcripts and exhibits, and documents reflecting attorney work-product, so long as such materials are maintained in accordance with the provisions of this Protective Order.

16.     The provisions of this Protective Order shall survive the final termination of this Dispute.

17.     Nothing in this Protective Order shall be construed as a waiver by any party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other party of the first party's obligation to make proper response to discovery requests.

18.     Nothing in this Protective Order shall be construed as a waiver by any party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

19.     It is not the intent of the parties, nor of the Court, that an attorney or law firm that acquires knowledge of, or is given access to, Confidential Information pursuant to this Protective Order should thereby be disqualified from other representations adverse to the producing party solely because of such knowledge or access.

20.     Nothing in this Protective Order shall preclude any party from filing a motion seeking to modify this Order or seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner

in which Confidential Information shall be treated at trial. No modification of this Protective Order that adversely affects the protection of any document produced or given by a non-party in this case shall be made without giving to that non-party appropriate notice and opportunity to be heard by the Court.

21.     The parties agree to be bound by the terms of this Protective Order upon signing by counsel for each of the parties.

DATED at Denver, Colorado, this 5th day of October, 2009.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge



STIPULATED TO AND APPROVED AS TO FORM this 1st day of October, 2009.

  s/ *Jeffrey A. Berens*
*Jeffrey A. Berens*
DYER & BERENS LLP
682 Grant Street
Denver, CO 80203-3507
Telephone: (303) 861-1764
FAX: (303) 395-0393
Email: jeff@dyerberens.com

Beth E. Terrell
Toby J. Marshall
TERRELL MARSHALL & DAUDT PLLC 3600
Fremont Avenue North
Seattle, W A 98103
Telephone: (206) 816-6603
FAX: (206) 350-3528
Email: bterrell@tmdlegal.com

  s/ *Timothy R. Beyer*
*Timothy R. Beyer*
Peter J. Komeffel, Jr.
Zhonette M. Brown
Ericka F. Houck Englert
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street, Suite 2200
Denver, CO 80202-4432
Telephone: (303) 233-1100
FAX: (303) 223-1111
Email: tbeyer@bhfs.com
         pkomeffel@bhfs.com
         zbrown@bhfs.com
         eenglert@bhfs.com

*Attorneys for Defendants Qwest*

tmarshall@tmdlegal.com

Kimberlee L. Gunning
LAW OFFICE OF KIMBERLEE L. GUNNING, PLLC
3300 East Union Street
Seattle, W A 98122
Telephone: (206) 860-5688
FAX: (206) 299-3818
Email: kgunning@gunninglegal.com

SPRENGER & LANG, PLLC
Daniel C. Bryden
310 Fourth Avenue S., Suite 600
Minneapolis, MN 55403
Telephone: (612) 486-1819
FAX: (612) 871-9270
Email: dbryden@sprengerlang.com

SPRENGER & LANG/SWEETNAM LLC
William M. Sweetnam
10 South La Salle Street, Suite 3500
Chicago, IL 60603
Telephone: (312) 346-5100
FAX: (312) 606-0027
Email: wms@sweetnamllc.com

*Attorneys for Plaintiffs*

*Communications International Inc., Qwest Services Corp., Qwest Corp., Qwest Communications Company, LLC, and Qwest Broadband Services, Inc.*

# EXHIBIT A

## 22. IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-0l840-WYD-CBS

ROBIN VERNON, et al.

      Plaintiffs,

v.

QWEST COMMUNICATIONS
INTERNATIONAL, INC., et al.

      Defendants.

## DECLARATION

STATE OF _____  )
                                                    )
COUNTY OF _____  )

_____ declares as follows:

      1.      I have read and understand the Protective Order agreed to by the parties in *Vernon, et al. v. Qwest Communications International, Inc., et al.*, a copy of which is attached to this Declaration.

      2.      I have been informed and understand that the materials designated as Confidential Information in this litigation are governed by the Protective Order.

      3.      I will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

      4.      Promptly upon termination of this action, I will return all "Confidential" materials that came into my possession, and all documents and things that I have prepared relating thereto, to the outside attorney for the party by whom I am employed or retained, or who noticed my deposition.

   5. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

   6. I will abide by the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 200\_\_.

            _____
            (Signature)

            _____
            (Print or Type Name)

            _____
            Address

            _____
            Telephone No.: (\_\_) _____